Shirley GAINES, Patricia Ann Gaines,
Marian Gaines, Minors, by Monroe
Gaines, their father and next friend, et
al., Appellants,

v.

DOUGHERTY COUNTY BOARD OF
EDUCATION et al., Appellees.

No. 25776.

United States Court of Appeals
Fifth Circuit.

March 14, 1968.

Charles Stephen Ralston, New York City, C. B. King, Albany, Ga., for appellants.

J. W. Walters, Albany, Ga., for appellees.

Before TUTTLE and GOLDBERG, Circuit Judges, and HOOPER, District Judge.

TUTTLE, Circuit Judge:

In this appeal from an order of the United States District Court for the Middle District of Georgia, denying appellants' motion for rehearing and for modification of its order in a school desegregation case, the appellants have filed a motion for summary reversal.

Briefly, the history of the litigation to require an end to segregated schools in Dougherty County, Georgia, so far as here relevant, shows that on August 19, 1966, the district court denied a motion for relief seeking a faster schedule of desegregation than required by the plan in effect.

■■ In December, 1966, this court decided the case of United States of America and Linda Stout v. Jefferson County Board of Education, et al., 5 Cir., 372 F.2d 836, and on March 29, 1967, this judgment was affirmed and the opinion supporting it was adopted by the court en banc, 380 F.2d 385. The opinion thus adopted by the entire court en banc provides:

> "The provisions of the decree are intended as far as possible, to apply uniformly throughout this circuit in cases involving plans based on free choice of schools. School boards, private plaintiffs and the United States may, of course, permit a board to prove that exceptional circumstances compel modification of the decree. * * * Other schools have earlier court-approved plans which fall short of the decree. On motion by proper parties to re-open these cases, we expect these plans to be modified *to confrom with our decree.*" (Emphasis added.) 372 F.2d 894, 895.

At the time of this court's decision in the *Jefferson* case, there was an appeal pending from the August, 1966, order of the district court in this case. Subsequently, on motion filed by appellants, on April 21, 1967, we vacated

the lower court's order and remanded the case for "further consideration in the light of" Jefferson County.

Thereafter, appellants filed, in the district court, a motion for immediate hearing and for further relief and judgment carrying out the provisions of the *Jefferson* decree. The trial court held a hearing on June 14, 1967, at which additional evidence was submitted. The court's memorandum opinion and order was rendered on July 31, 1967, and filed on August 2, 1967. On August 14, 1967, appellants filed a motion for reconsideration of the order of July 31st. This motion was denied by an order entered by the trial court on January 30, 1968. Following notice of appeal to this court, appellants, on February 14, 1968, filed this motion for summary reversal with notice to opposing counsel, dated February 13, 1968. In line with the procedure usually followed in matters of this kind, the clerk withheld submission of the motion for a period of ten days to provide an opportunity to counsel to file a response or brief in opposition. No such opposition having been filed, the matter was submitted to a regularly assigned panel of this court for consideration. The motion still stands unopposed.

■■ It is apparent that there are substantial differences between some of the provisions of the trial court's decree in this case and the decree adopted by this court in *Jefferson*. Of course, no court should concern itself with slight changes in verbiage that do not affect matters of policy or substance. Nevertheless, we reiterate what we have referred to in Stell and U. S. A. v. Board of Education for the City of Savannah and County of Chatham, et al., decided December 4, 1967, 5 Cir., 387 F.2d 486, as "the great benefit to all concerned in maintaining as high a degree of uniformity as is possible in the plans as finally approved by the many school districts in this circuit." Neither the district court nor this court should be put to the burden of carefully proofreading language to seek out the precise meaning of substituted words. Nevertheless, it is a part of our adversary system that so far as possible we "nevertheless, accept such modifications in the precise language of the *Jefferson* decree to meet the peculiar curcumstances of the school system as are not objected to by either [party to the litigation]." No panel of this court, however, has the authority to permit deviation from those provisions of the *Jefferson* decree which deal with matters of substance and policy. See Stell, et al. v. Board of Public Education, et al. supra, 387 F.2d 486. Here, although it might be appropriate to grant the relief sought by the movants, because unopposed, we, nevertheless, think it proper to point out those matters of substance and policy as to which the trial court's decree falls short of the requirements of *Jefferson*.

The first criticism by the appellants relates to the handling of the freedom of choice by the pupils in the trial court's decree. Under the present decree there is merely a freedom of *transfer;* the burden still remains upon the individual Negro child to seek a transfer to another school, and he is limited in that transfer to either the formerly all-Negro or formerly all-white schools nearest his residence. The *Jefferson* decree required that "all students, both white and Negro, *shall be required* to exercise a free choice of schools annually." (Emphasis added.) It also provided that "a failure to exercise a choice within the choice period shall not preclude any student from exercising a choice at any time before he commences school for the year with respect to which the choice applies, but such choice may be subordinated to the choices of students who exercised choice before the expiration of the choice period." Under the Dougherty decree, a failure to make a choice within the relatively short choice period amounted to a choice that the students wished to continue to attend the schools in which they are already in attendance. This court did not lightly require the mandatory choice as part of the decree. The court had on numerous occasions in the

past commented on the impropriety of placing all of the burdens of seeking transfers out of the segregated schools upon the Negro children involved. In *Jefferson* we said: "In place of *permissive* freedom of choice, there must be a *mandatory* annual free choice of schools by all students, both white and Negro." (Emphasis added.) 372 F.2d 891. This is such a matter of policy that it is not open now to a school board or district court or a panel of this court to modify this requirement.

The second criticism made by appellants to the district court order is the omission of Section VI of the *Jefferson County* decree requiring equalization of inferior formerly Negro schools and the furnishing of remedial programs, and the reporting provisions relating to that requirement. Since the decree to be entered is an ongoing mandate of the court, the mere fact that no issue may have been presently raised at the time of the hearing before the trial court does not make unnecessary the inclusion of this provision. It, too, is a matter of substance and policy which must be provided for.

The same comment must be made with respect to provisions of Section VII of the *Jefferson* decree, dealing with new construction. There is no basis for not requiring the provisions of that section to be a part of the order affecting the operation of the Dougherty County school system. Otherwise, the court may be faced in the future with a *fait accompli* after the board may have purchased land and entered into contracts for new schools without having complied with the requirements of this provision.

We have also considered the complaint by the appellant as to the form of the "transfer" form. No basis has been shown for departing from the form of notice or the form of exercise of choice as shown in the appendix to the court's decree in *Jefferson*. Without, therefore, attempting to match the forms line for line, we conclude that there is no basis for a modification of the form of the *Jefferson* decree in this respect.

No objection having been noted as to the consideration of this matter on motion for summary reversal by the respondents, and because of the importance in school administration for having an immediate end to any doubts with respect to procedures to be followed for the next school year, we conclude that the motion for summary judgment should be granted and that the trial court should enter a decree following, in all respects, the *Jefferson* decree. To the extent that dates of choice of schools are required to be changed by reason of the passage of time this year, the trial court should guarantee full time schedule for the exercise of such choices, as are provided for in the decree.

The order of the trial court of July 31st is reversed and the case is remanded for the entry of a decree in conformity with this opinion. This judgment shall issue forthwith.

HOOPER, District Judge, took no part in the consideration or decision or this case.